## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MISS QUYNH ANH III, L.L.C.** | **CIVIL ACTION NO: 6:18-cv-1202** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **DUC VAN TRAN** | **MAGISTRATE JUDGE** |
| _____ | _____ |
| **Filed** | **Deputy Clerk** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

The Complaint for Declaratory Judgment filed by Miss Quynh Anh III, L.L.C. (hereinafter "MQA III" alleges that defendant, Duc Van Tran, was employed by MQA III as "deckhand" aboard its fishing vessel, the "F/V Miss Quynh Anh III" and will "likely be classified as a seaman within the meaning of the Jones Act, 46 U.S.C. §30104" when he was injured on August 25, 2017.[1]  The complaint further alleges that MQA III disputes Mr. Tran's injury and seeks an "immediate decision" concerning "the rights, obligations and liabilities of Tran and Miss Quynh Anh III" and that MQA III "has no adequate remedy at law whereby the relief sought can be obtained".  Among the specific items of relief request is an order compelling Mr. Tran to submit to a "independent medical examination" as well as ruling [2]

What the complaint of MQA III fails to allege is that **before** MQA III filed this complaint, Mr. Tran had already filed a Petition for Damages under the Jones Act and general maritime law in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana pursuant to the Savings to Suitors clause arising out of his injuries on August 25, 2017[3].  MQA III and

---

[1] Complaint for Declaratory Relief at paragraphs V – VII.
[2] Complaint for Declaratory Relief at pp. 7-8.
[3] Exhibit #1, Petition for Damages.

ABC Insurance Company were the names defendants in that action and Mr. Tran generally asserted his status as a seaman and member of the crew of the vessel owned by MQA III and that he was injured due to the negligence of his employer and the unseaworthiness of the Miss Quynh Ahn III.   For relief, Mr. Tran sought all damages available under the Jones Act and general maritime law including maintenance and cure.

Mr. Tran now appears solely for the purpose of seeking dismissal of the Complaint filed by MQA III.   Specifically, Mr. Tran shows that his selection of venue in a state court to litigate his claims for injury arising out of the incident was a proper exercise of a seaman's rights under the Savings to Suitors clause[4] which cannot be preempted by the subsequent filing for declaratory relief by the employer.    Further, allowing MQA III to litigate Mr. Tran's maintenance and cure claims by declaratory judgment would deprive Mr. Tran of his constitutional right to trial by jury.   For these reasons as more fully set forth below, this Complaint should be dismissed.

## LAW AND ARGUMENT

Declining to hear a declaratory judgment is within the broad discretion of the court.[5] It is well settled that "even if federal jurisdiction exists and the requirements for a declaratory judgment action are met, it remains within the discretion of the district court to decline to hear a declaratory judgment action."[6] One basis for declining to hear a declaratory judgment action is the existence of a pending action in another court that will resolve the controversies between the parties in the declaratory judgment action.[7] In addition, the Declaratory Judgment Act was not

---

[4] 28 U.S.C. 1333(1).
[5] *Torch, Inc. v. LeBlanc*, 947 F. 2d 193 (5th Cir. 1991).
[6] *Brillhart v. Excess Ins., Co. of Am.*, 316 U. S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942).
[7] *Id.*, 316 U. S. at 496, 62 S. Ct.at 1175.

intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action.[8]

As a rule, when a plaintiff brings a Jones Act claim in a state court, the defendant may not remove it to federal court even though initially it could have been commenced by the plaintiff in a federal court as an admiralty case under 28 U.S.C. § 1333.[9] In other words, in a Jones Act case, the plaintiff has the privilege to choose the forum.[10] If the employer were allowed to litigate in a federal declaratory judgment action its defense to the maintenance and cure and IME disputes, the Jones Act's explicit grant under the Savings to Suitors to the privilege of choice of forum will be materially undermined.

The Declaratory Judgment Act, 28 U.S.C § 2201(a), provides that federal district courts may declare the rights and other legal relations of interested parties to an actual case or controversy in addition to other relief. Whether to deckle a declaratory judgment action is a matter for the sound discretion of the district court.[11] The Fifth Circuit has instructed that federal courts deciding whether to exercise jurisdiction over a declaratory judgment action when a state court action is pending must apply standards derived from *Southwind Aviation, Inc. v. Bergen Aviation, Inc*.[12] In *Brillhart*, the Supreme Court stated:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same

---

[8] 10B Charles A, Wright et al, *Federal Practice and Procedure* § 2758 (4th Ed.).

[9] See *Romero v. International Terminal Operating Co.*, 358 U. S. 354, 79 S. Ct. 468 (1959).

[10] See *Gonsalves v. Amoco Shipping Co.*, 733 F. 2d 1020, 1021-22 (2nd Cir. 1984).

[11] *Rowan Companies, Inc. v. Griffin*, 876 F. 2d 26,28 (5th Cir. 1989).

[12] 23 F. 3d 948, 950 (5th Cir. 1994); See also *Granite State Ins. Co. v. Tandy Corp.*, 986 F. 2d 94, 95-96 (5th Cir. 1992).

parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[13]

"Consistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."[14]

A similar situation has been considered by the Eastern District in *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991). This case is the established precedent in the Eastern District when addressing the appropriateness of dismissal of maintenance and cure declaratory judgment actions in the face of state court Jones Act cases. **The court held that if the state court case was brought by the employee prior to institution of the declaratory judgment action or prior to consideration of the motion to dismiss such action, then dismissal is required.**[15] The only time a Federal Court has discretion to keep the declaratory judgment action is when there is no pending Jones Act suit, which is not the case here.[16]

The *Belle Pass* court opined that the Savings to Suitors clause preserves certain rights to maritime plaintiffs including the right to a jury trial. The Savings to Suitors clause does not preclude filing the declaratory judgment action, but it does preclude the Federal Court from keeping such an action once a State Court Jones Act claim is filed prior to consideration of the Motion to Dismiss.[17] The court further explained its reasoning for not allowing duplicative cases

---

[13] *Brillhart*, 316 U.S. at 495.
[14] *Southwind Aviation*, 23 F. 3d at 950, *citing Magnolia Marine Transport Co. v. LaPlace Towing Corp.*, 964 F. 2d 1571, 1581-82 (5th Cir. 1992) (concluding that district court abused its discretion in declining to abstain when there is an ongoing state court proceeding that was capable of adequately resolving all issues); *see also Rowan*, 876 F. 2d at 29("declaratory judgment relief may be denied because of a pending state court proceeding in which the matter in controversy between the parties may be fully litigated.").
[15] *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991).
[16] *Id*.
[17] *Id*.

to proceed simultaneously by addressing a situation where the findings of the declaratory judgment may have a preclusive effect on the pending state court suit. As one commentator stated: "[C]ourts…will not permit the declaratory remedy to be used merely for the purpose of procedural fencing, or to provide an arena for a race for res judicata."[18] As such, the holding in *Belle Pass* that dismissal of the declaratory judgment suit is required in the face of a properly filed Jones Act suit is the only logical conclusion when considering the Saving to Suitors clause and the possible preclusive effects of such an action on a suitor's Jones Act case.

"Federal courts have great discretion to entertain, stay or dismiss a declaratory judgment action."[19] When confronted with a motion to dismiss a complaint for declaratory judgment, a district court must determine three things: "(1) whether the action before it is justiciable; (2) whether it has authority to grant declaratory relief; and (3) whether, under its discretion, the court should dismiss or decide the declaratory action."[20]

In *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585 (5th Cir. 1994), the Fifth Circuit identified seven non exclusive factors for a district court to consider in deciding whether to dismiss a declaratory judgment. These factors include: 1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) Whether the plaintiff engaged in forum shopping in bringing the suit; 4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; 5) Whether the federal court is a convenient forum for the parties and witnesses; 6) Whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and 7) Whether the federal court

---

[18] 6A Moore's Federal Practice § 57.08(2), at pp. 57-38 and 57-39 (2d ed. 1991).

[19] *Chet Morrison Offshore, L.L.C. v. Heyden*, 2007 U.S. District LEXIS 34763 (E.D. La. 2007); *see also Cenac Towing Co. v. Ray*, 2007 U.S. Dist. LEXIS 82804 (E.D. La. 2007).

[20] *Sherwin Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[21]

Many courts have repeatedly applied these factors to dismiss declaratory judgment actions seeking to adjudicate a maritime employer's obligation to pay maintenance and cure. In doing so, the courts have noted as follows: "Such declaratory actions are considered preemptive attempts at forum-shopping and can be an abrogation of Plaintiff's rights under the Jones Act to litigate all issues in his injury claims in the forum of his choice."[22]

In this case, the *Trejo* factors weigh strongly in favor of dismissal. The first, second, third and forth factors strongly support dismissal, while the other factors are neutral. As mentioned above, Mr. Tran filed a Petition for Damages in the 19th Judicial District of East Baton Rouge Parish; therefore, all matters in controversy here, may be fully litigated in that court. The second factor is met because MQA III filed its complaint for declaratory judgment one day after Tran filed his state court claim. MQA III engaged in forum shopping as an attempt to ensure a federal forum in this district (*Trejo* factor 3) and inequities would result from allowing MQA III to gain precedence in time (*Trejo* factor 4). Evidenced by MQA III filing the Complaint for Declaratory Judgment one day after Tran filed his state court suit, such conduct makes it obvious that MQA III was engaging in nothing more than a preemptive attempt to deprive Mr. Tran of an opportunity to exercise his right to choose his forum.

---

[21] *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585 (5th Cir. 1994); *Vulcan Materials Co. v. City of Tehuacana*, 238 F. 3d 382, 390 (5th Cir. 2001); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F 2d 774, 778 (5th Cir. 1993)

[22] *Eldridge v. Magnolia Marine Transport Co.*, 2008 U.S. Dist. LEXIS 2345 (E.D. La. 2008); *Houma Marine Services, Inc. v. Fitch*, 1992 U.S. Dist. LEXIS 1614 (E.D. La. 1992); and *Marine Drilling Co. v. Franklin*, 1991 U.S. Dist. LEXIS 16168 (E.D. La. 1991) (McNamara, J.

**CONCLUSION**

Mr. has chosen a Louisiana state court as the forum to litigate his Jones Act claim under the Savings to Suitors clause and he has a right to trial by jury both under federal and state law. This choice should be given great deference by this Honorable Court because of the privilege granted by the Jones Act and the Saving to Suitor clause. The MQA III should be barred from litigating any defense to the maintenance and cure and IME dispute in the federal court while another parallel state court action is pending and this litigation should be dismissed.

Respectfully submitted:

**BATEMAN LAW FIRM**

*s/David L. Bateman*
David L. Bateman (LSBA 18781)
6700 Jefferson Highway, Building 3
Baton Rouge, LA   70806
Telephone:     (225) 766-8484
Facsimile:     (225) 766-8494
Email:  David@batemanlawfirm.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 20th day of May, 2019 a copy of the forgoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all parties through counsel of record by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*s/ David L. Bateman*