**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Miss Quynh Anh III, LLC                    Civil Action No. 18-01202

Versus                                     Judge Michael J Juneau

Tran                                       Magistrate Judge Carol B Whitehurst

## REPORT AND RECOMMENDATION

Before the Court on referral by the district judge is a Motion To Dismiss filed by Defendant, Duc Van Tran ("Tran") [Rec. Doc. 14], Plaintiff, Miss Quynh Anh III, LLC's, ("MQA") Opposition [Rec. Doc. 16] and Tran's Reply thereto [Rec. Doc. 23]. For the reasons set forth below, the undersigned recommends that the motion be granted.

### *BACKGROUND*

On August 25, 2017, Tran, a seaman employed by MQA was allegedly injured while performing his usual duties as a member of the crew of the F/V MISS QUYNH ANH III, a fishing vessel operated by MQA. Tran filed suit under the Jones Act against MQA in the 19th Judicial Court, Parish of East Baton Rouge, Louisiana, on September 11, 2018. *R. 14-3.* On September 12, 2018, Defendant, MQA filed this action for declaratory judgment seeking the Court's determination of Tran's right, if any, to the receipt of maintenance and cure benefits under the Jones Act. *R. 1.*

Tran filed the instant motion to dismiss seeking abstention based on this Court's discretionary authority to decline to exercise its jurisdiction over the Complaint for Declaratory Judgment in favor of the pending state court action, *See St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590–591 (5th Cir.1994).

### *LAW AND ANALYSIS*

The Declaratory Judgment Act provides:

> In a case or controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Before issuing a declaratory judgment, a district court must consider the following factors in determining whether to entertain a declaratory action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir.2003). There is no dispute that the instant declaratory action is justiciable. The issue regarding whether maintenance and cure is owed is an actual controversy. Likewise, the authority of this court to grant declaratory relief is not in question. The question before this Court then, is whether it should exercise its discretion to decline to entertain a declaratory judgment because of pending litigation on the same matter in state court.

The Fifth Circuit has set forth seven nonexclusive factors to consider when determining whether to invoke its discretionary power to decline the exercise of jurisdiction over a declaratory judgment action. These factors are: "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir.2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)). *See also Taylors Intern. Services, Inc. v. Weaver*, 2011 WL 1832121, at *1 (W.D.La.,2011) (applying the *Trejo* factors to dismiss a declaratory judgment action to determine a Jones Act employer's maintenance and cure obligations); *Hercules Liftboat Co. v. Jones*, 2007 WL 4355045, *1–2 (W.D.La.2007) (same); *Aries Marine Corp. v. Lolly*, 2006 WL 681184 (W.D.La.2006) (same).

The balance of the *Trejo* factors clearly favors dismissal of the instant declaratory judgment action. It is undisputed that Tran has filed suit in Louisiana state court pursuant to the "savings to suitors" clause (28 U.S.C. § 1333). It is further undisputed that Tran has asserted his claim for maintenance and cure in that action. While MQA states it was not aware that Tran had filed a petition in state court until the day after it filed the Declaratory Judgment action, MQA implicitly concedes that this action was filed in an attempt to require Tran to sign certain medical authorizations sent to him by MQA.[1] Moreover, allowing MQA to change forums would be inequitable because it would violate Tran's rights under the savings to suitors clause and the Jones Act and would deny him the jury trial on his maintenance and cure claim that he would otherwise receive in state court.[2] Finally, retaining the lawsuit would be detrimental to judicial economy. The parties would either have to proceed in two forums, or Tran would have to file counterclaims in this Court. As already noted, if he pursued the latter option, the maintenance and cure claim would be decided by this Court while Tran's counterclaims would have to be submitted to a jury. Requiring two separate factfinders would not serve the purposes of judicial

---

[1] The Court addressed Tran's failure to execute certain specific medical record authorizations in a July 23, 2019 telephone hearing related to MQA's Motion to Compel. While the Court remains sympathetic to MQA's concern as to discovery of Trans' medical history, the Court explained that it could not rule on the motion prior to addressing the instant motion to dismiss. The Court admonished Tran's counsel that counsel for MQA was entitled to discovery in order to determine the veracity of Tran's medical disclosures.

[2] The savings to suitors clause grants Tran a number of rights, including the right to choose his forum by filing his claims in state court. *See Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (U.S.,2001) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 371–72 (1959)). Moreover, the Jones Act grants Tran the right to have his personal injury claims tried before a jury. 46 U.S.C. § 30104.

economy. *See*, *Brown Water Marine Service, Inc. v. Alvarado*, 2012 WL 2994459, at *3 (S.D.Tex.,2012). The *Trejo* factors favor dismissal of MQA's declaratory action.

### *CONCLUSION*

For the reasons stated above, the merits of Tran's claims, including the maintenance and cure issues, should be adjudicated in his pending state court action. Accordingly, the undersigned recommends that Plaintiff, Duc Van Tran's, Motion To Dismiss be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 1st day of August, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE